Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000613
21-JAN-2015
08:27 AM

NO. CAAP-12-0000613

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHRISTOPHER CARROLL, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2P111-1473)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Christopher Carroll (Carroll) appeals from the Notice of Entry of Judgment and/or Order, filed on March 2, 2012, in the District Court of the Second Circuit, Wailuku Division (district court).[1]

Carroll was found guilty of Harassment,[2] in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2013).[3]

---

[1] The Honorable Blaine Kobayashi presided.

[2] Plaintiff-Appellant State of Hawai'i charged Carroll via complaint with three counts: Harassment (Count I); Assault in the Third Degree in violation of Hawaii Revised Statutes (HRS) § 707-712(2) (1993) (Count II); and Disorderly Conduct in violation of HRS § 711-1101(1)(a), and/or (b), and/or (d) (2013 Supp.) (Count III). At the conclusion of the State's presentation of evidence, the district court granted Carroll's motion for judgment of acquittal as to Counts II & III, but not Count I.

[3] HRS § 711-1106(a)(1) provides:

§711-1106 Harassment. (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

On appeal, Carroll contends (1) the district court plainly erred by convicting him of Harassment because the charge was defective when it was pled in the disjunctive and (2) there was insufficient evidence to convict him because the State failed to establish that he acted with the requisite state of mind to commit Harassment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Carroll's points of error as follows and affirm:

(1) As to the Harassment charge, Carroll was only charged with violating one subsection of the Harassment statute, HRS § 711-1106(1)(a). A charge under this subsection is not defective for being pled in the disjunctive. State v. Codiamat, 131 Hawai'i 220, 225-26, 317 P.3d 664, 669-70 (2013).

(2) Contrary to Carroll's claim, there was sufficient evidence of Carroll's intent to harass, annoy, or alarm the complaining witness (CW) to support Carroll's conviction for Harassment. When sufficiency of the evidence is challenged on appeal, we must determine "whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt." State v. Grace, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (block quote format omitted) (quoting State v. Ferrer, 95 Hawai'i 409, 422, 23 P.3d 744, 757 (App. 2001)).

"[T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (block quote format, citation and quotation mark omitted).

Carroll claims he was making a citizen's arrest during the incident. HRS § 803-3 (1993) provides that "[a]nyone in the act of committing a crime, may be arrested by any person present, without a warrant."

2

Based on our review of the record, there was sufficient evidence that Carroll acted with the requisite intent to support his conviction for Harassment. Although Carroll contends that he acted only to effect a citizen's arrest, the plain language of HRS § 803-3 limits such circumstances to the arrest of a person in the act of committing a crime. Carroll stated that he wanted to arrest the CW, an employee with the Department of Human Services' Adult Protective Services, for kidnapping his wife. Carroll makes no argument on appeal, however, that CW committed a crime. Moreover, the incident occurred two days after Carroll's wife had been placed in a care home by the State of Hawaiʻi. Carroll's request to the police that they arrest the CW for taking his wife was denied shortly before he attempted to arrest the CW himself. Carroll knew the CW was *not* in the immediate process of removing Carroll's wife and did not have his wife in his custody at the time he attempted to effect a citizen's arrest. Thus, the CW could not have been in the act of committing conduct that Carroll considered a crime.

The evidence indicates that Carroll spoke with a supervisor at the Adult Protective Services office earlier that afternoon about returning his wife to his care. After being informed that his wife would not be returned, Carroll requested that the police arrest the CW and his supervisor, but the police refused. Carroll then enlisted the aid of a witness and returned to the Adult Protective Services office and requested to speak with the CW and his supervisor. The CW declined to meet with Carroll but the supervisor agreed to meet with Carroll. Based on the testimony of the CW and the supervisor, when the CW attempted to leave the office, Carroll blocked the CW's way and proceeded to pin the CW to a wall by pushing his chest into the CW. Despite the CW's repeated attempts to leave the office, Carroll insisted on blocking the way with his body and then grabbed the CW's torso to keep him from leaving. Carroll's acts, conduct, and the inferences fairly drawn from all of the circumstances demonstrate that Carroll acted with the intent to harass, annoy, or alarm the CW due to the CW's prior involvement with placement

3

of Carroll's wife in a care home, which had occurred two days earlier.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on March 2, 2012, in the District Court of the Second Circuit, Wailuku Division, is affirmed.

DATED:  Honolulu, Hawai'i, January 21, 2015.


On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Peter A. Hanano
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge